IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY MYERS | § | |
| | § | |
| v. | § | NO.  A-07-CA-512 SS |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint (Clerk's Doc. No. 4);  Plaintiff's Brief (Clerk's Doc. No. 16);  Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 17); and the Social Security Record filed in this case  (Cited as "Tr."). Plaintiff appeals from the Administrative Law Judge's (ALJ) determination that he is not "disabled" and presents for review the following issues: (1) whether the ALJ's decision provides the appropriate rationale with regard to the findings of residual functional capacity (RFC) and the ability to maintain gainful work activity according to SSR 00-4p; (2) whether the opinion of the treating physician was properly considered; and (3) whether the ALJ properly considered Plaintiff's credibility.

## I.   BACKGROUND

Plaintiff last worked in 2002.  He has a work history dating back to 1994 which includes mostly maintenance and janitorial type duties at various companies. Plaintiff has been suffering from back pain for over 15 years resulting from a motorcycle accident.  Plaintiff also contends that he has been battling depression for many years and that it has grown increasingly worse.

A hearing was held at which Plaintiff testified. He averred – and all the evidence will be developed in more detail below – that he had grown increasingly depressed in no small part due to his severe and constant back pain. Also submitted into evidence were separate physical and mental health evaluations by Plaintiff's treating physician, Dr. Santos. Santos's evaluation contended that Plaintiff was severely depressed and suffered from constant and severe back pain. The ALJ also heard evidence from the Social Security Administration's (SSA) mental health and physical examiners (both M.D.s). They found that Plaintiff suffered from mild depression, which could be treated with medication, and, while he had chronic back pain, it was not fully disabling.

The ALJ's opinion found that Plaintiff had a depressive disorder and degenerative disc disease. He noted that while these are "severe" disorders, they did not meet the requisite level of impairments as prescribed in the Social Security regulations. Tr. 18. The ALJ rejected Santos's residual functional capacity and mental health opinions because they did not square with the rest of medical evidence (including Santos's treatment notes). The ALJ then found that while Plaintiff could not return to his past work, there existed jobs in the national economy that Plaintiff could perform. He also found that Plaintiff's RFC allowed him to perform "a significant range of light work." Tr. 22. Thus, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act.

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's final decision in a limited fashion, as dictated by 42 U.S.C. § 405(g), determining whether: (1) substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). For the evidence to be substantial, it must be relevant and sufficient for a reasonable

mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)(citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  In reviewing the evidence, this court does not substitute its judgment for the Commissioner's judgment. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  If there are conflicts in the evidence, this court accepts the Commissioner's resolution of those conflicts so long as that resolution is supported by substantial evidence.  *See id.*

### III. ANALYSIS

The Court will analyze each of Plaintiff's issues in turn.  For the reasons that follow, the Court will RECOMMEND that the Commissioner's decision be reversed and remanded for proceedings consistent with this opinion.

**A.   Dr. Santos's Evaluations**

The foundational issue here is whether the ALJ properly disregarded the opinions of Dr. Santos, Plaintiff's treating physician.  If Santos's opinion was improperly disregarded then this Court must recommend remanding this matter for further development.  In *Newton v. Apfel*, the Fifth Circuit held that absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." 209 F.3d 448, 453 (5th Cir. 2000). "Additionally," the Court noted, "if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e)." In other words,

*Newton* provides three circumstances in which a treating physician's opinion can be discounted: (1) when the physician's evidence is conclusory, (2) when the physician's evidence is unsupported by clinical findings, or (3) when the physician's opinion is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 456.

As the Commissioner notes, Santo's mental health evaluation of Plaintiff – which found that he rated only "fair" or "poor" in 25 separate categories measuring his mental ability to perform work demands – was not supported by the evidence. Santos specifically found that Plaintiff would miss work at least three times a month and was otherwise not able to function in a competitive work environment. *See* Tr. 159-162. The ALJ noted that this was at odds with Santos's treatment notes – he saw Plaintiff four times between April 2005 and May 2006 – where he either did not note any mental health issues at all, *see, e.g.,* Tr. 149, or diagnosed Plaintiff with mild depression. *See id*. at 150-52. This does not square with Santos's mental health evaluation. And of course it is worth noting that the SSA's mental health examiner found that Plaintiff had mild depression that could be treated with medication. Tr. 121. He also noted that Plaintiff, as of the date of his appointment, had not taken medications for his depression and had never been hospitalized for depression. Tr. 119.

Along these same lines, Santos's residual functional capacity (RFC) evaluation is not supported by the evidence. Santos found that Plaintiff had a minimal functional capacity because of severe and constant pain, emotional factors, and lack of ability to sit *or* stand during an 8-hour workday. Again, turning to Santos's treatment notes from April 2005 - May 2006, the ALJ noted that there was a disconnect between the two. In fact, the treatment notes only indicate Plaintiff's blood pressure runs high "on days where he hurts," Tr. 149, that his "[p]ain is under control with skelaxin," Tr. 150, and that Plaintiff requested a muscle relaxant and anti-inflammatory for his back.

4

Tr. 151. This paints a far different picture than does the evaluation where Santos stated that Plaintiff was in severe and constant pain.

There is also other evidence in record that undercuts Santos's diagnosis. Dr. Lamy, a consultative examiner, evaluated Plaintiff in February 2005. Lamy agrees Plaintiff suffers from chronic back pain, but that it was not fully disabling. Lamy also questioned whether Plaintiff was exaggerating claims in order to obtain Social Security benefits, and noted that he believed physical therapy would be useful in alleviating Plaintiff's back pain. Tr. 118.

Given all this, the Court finds that Santos's evaluations are not supported by the substantial evidence and by virtue of that the ALJ's decision not fully crediting Santos's opinions *is* supported by the substantial evidence. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

**B.    Plaintiff's Credibility**

Plaintiff also complains that the ALJ improperly discounted Plaintiff's credibility. Plaintiff's argument is that instead of considering the location, duration, frequency, and intensity of his pain, "[t]he ALJ has only said that he does not believe the Plaintiff." Plaintiff's Brief at 9. This is plainly not the case. The ALJ properly considered the record as a whole, including the available medical evidence and the nature and extent of the plaintiff's daily activities, in determining that the plaintiff's subjective complaints were not fully credible. *See Hollis v. Bowen*, 837 F.2d 1378, 1384-85 (5th Cir. 1998) (explaining that the lack of objective factors supporting subjective allegations of pain were properly considered in determining credibility); *see also Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995) (considering a plaintiff's daily activities as support for the ALJ's findings that the plaintiff was capable of performing past relevant work).

The ALJ's credibility findings with respect to the Plaintiff's subjective complaints are supported by substantial evidence. The ALJ considered Plaintiff's daily activities. He noted that Plaintiff testified that he does no yard work, does not cook, does small loads of laundry, and grocery shops for only 15 items at a time. Tr. 17. Plaintiff further testified he could only walk half a block at a time without resting. *Id*. However, the ALJ noted that Plaintiff's putative degree of functional limitation was belied by other evidence. The ALJ noted that there was no evidence that Plaintiff actively pursued medical care between 2002 and 2005. More importantly, he noted that during Plaintiff's February 2005 physical examination that despite a "somewhat" limited range of motion Plaintiff could bend and stretch his fingertips within 24 inches of the floor without difficulty or pain; that Plaintiff could "hop easily," and got on and off the examining table without difficulty. Tr. 17-18, 117-18.

Furthermore, the objective medical evidence did not support Plaintiff's complaint that he was too depressed to function in the work environment. As noted by the ALJ, Plaintiff's physician's treatment notes state that Plaintiff was only "mildly" depressed. Dr. Maksymowicz, the physician who performed a consultative physical evaluation, found much the same. Tr. 18, 119. Specifically, the ALJ noted that he assigned Plaintiff a GAF score of 58, which reflects moderate, but not debilitating, functional limitations. Tr. 18, 121.

Suffice it to say, Plaintiff's contention that the ALJ flatly stated that Plaintiff was not credible and did not perform the requisite analysis is plainly mistaken. Therefore, the Court rejects this argument.

**C.      Plaintiff's Residual Functional Capacity**

Finally, Plaintiff complains that the ALJ's decision as to Plaintiff's RFC and his concomitant ability to maintain gainful work applied the incorrect standard. More specifically, Plaintiff argues that "the ALJ carefully excluded" from his hypothetical to the Vocational Expert (VE) Plaintiff's health problems that Santos said would lead to him missing at least three days of work per month. However, for all the reasons noted above, the ALJ validly rejected Santos's physical and mental health opinions. Therefore, this argument is easily rejected.[1]

Plaintiff also contends that the limitations the ALJ laid out in his hypothetical preclude his determination that Plaintiff can perform light work. Specifically, he argues that the ALJ found that Plaintiff can only walk or stand for four hours in an eight hour workday. However, a review of the two regulations that Plaintiff cites to, 20 C.F.R. 404.1567 & 20 C.F.R. 416.967, shows no definition. Light level work, for example, is defined at 20 C.F.R. 404.1567(b): "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *See also Plummer v. Apfel*, 186 F.3d 422, 432 (3rd Cir. 1999). Plaintiff, it seems, has mistakenly added a requirement to the definition that is not there.

Plaintiff's final argument is that the job cited by the ALJ that Plaintiff could perform – assembly worker – actually encompasses a number of jobs, some of which exceed his RFC. For example, hand packaging is "medium" work and this exceeds the ALJ's light work RFC. Apparently, production inspector, another job listed by the ALJ (who relied on the VE's testimony)

---

[1] Plaintiff also contends that there is evidence – based on Santos's physical evaluation form – that he needs to use a cane, but the ALJ did not include this in his hypothetical to the VE, thus making the hypothetical defective. The same reasoning applies here as above: there is no objective evidence in the record (indeed, Plaintiff does even cite to testimony by him that he uses a cane or needs to) of the need for a cane. Therefore, the ALJ properly did not include this in hypothetical.

is not even listed in the Dictionary of Occupational Titles (DOT).  Finally, the "assembly worker" job identified by the ALJ actually encompasses a number of jobs in the DOT under the heading of "bench assembly."  *See Carson v. Barnhart*, 140 Fed. App'x 29, 37 (10th Cir. 2005).

The Commissioner does not dispute this, but simply contends that the ALJ "relied on persuasive [VE] testimony to establish that there were jobs" Plaintiff could perform.  This is incorrect.  The ALJ relied on clearly faulty and sloppy testimony by the VE – it is difficult to overlook the fact that the VE identified jobs that do not exist for purposes of disability benefit inquiries.  More than that, he identified a job that exceeds Plaintiff's RFC.  The ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony, before the ALJ may rely on the expert testimony to support the ALJ's determination of nondisability. *See Carson*, 140 Fed. App'x at 37; *see also* Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *2 (2000).  The ALJ here neither acknowledged any conflict between the DOT and the VE's testimony nor elicited an explanation for the conflict.  *Id*.  Therefore, as a matter of law, the ALJ was not entitled to rely on the VE's testimony to support the Commissioner's burden at step five.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMEND**S that the District Court **REMAND** the decision of the Commissioner and order him to properly perform step five of the disability analysis.

## V. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 4th day of March, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE